UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES SURETY COMPANY,
PAUL HOWARD CONSTRUCTION
COMPANY, and UNITED STATES
SPECIALTY INSURANCE COMPANY,

    Plaintiffs,

v.                               Case No. 8:12-cv-1207-T-33TGW

JOSEPH EDGAR and GLOBAL EGG
CORP.,

    Defendants.

_____/

GLOBAL EGG CORP. and JOSEPH
EDGAR,

    Counter-Claimants,

v.

PAUL HOWARD CONSTRUCTION
COMPANY, UNITED STATES
SPECIALTY INSURANCE COMPANY,
and UNITED STATES SURETY
COMPANY,

    Counter-Defendants.

_____/

GLOBAL EGG CORPORATION,

    Plaintiff,

v.                               Case No. 8:13-cv-2844-T-33TBM

UNITED STATES SURETY COMPANY

and PAUL HOWARD CONSTRUCTION
COMPANY,

        Defendants.
_____/

## ORDER

This cause comes before the Court in consideration of Global Egg Corporation and Joseph Edgar's Amended Motion for Consolidation of Cases, filed on March 17, 2014. (Case No. 8:13-cv-1207 Doc. # 66; Case No. 8:13-cv-2844 Doc. # 7).[1] The Motion seeks to consolidate Case No. 8:13-cv-2844, filed on November 6, 2013, with an earlier-filed action, Case No. 8:13-cv-1207, filed on May 7, 2013.

The instant Motion was filed on March 17, 2014. Pursuant to Local Rule 3.01(b) and Federal Rule of Civil Procedure 6(b), the deadline for a party in either action to file a response in opposition to the Motion was, at the latest, April 3, 2014. No party filed such a response to the Motion within the time provided by the Rules. Accordingly, the Court considers the Motion to be unopposed.

**Discussion**

Federal Rule of Civil Procedure 42(a) states: "If

---

[1] Global Egg and Edgar filed the instant Motion in both Case No. 8:13-cv-1207 and Case No. 8:13-cv-2844. For clarity, the Court will cite to the Motion as Doc. # 66, the docket number assigned to the Motion in Case No. 8:13-cv-1207.

actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

In Hendrix v. Raybestos-Manhattan, Inc., the Eleventh Circuit noted that Rule 42 "is a codification of a trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" 776 F.2d 1492, 1495 (11th Cir. 1985)(quoting In re Air Crash Disaster at Fla. Everglades, 549 F.2d 1006, 1012 (5th Cir. 1977)).

A trial court's decision to consolidate similar cases is purely discretionary. Id. However, in determining whether to employ the consolidation provisions of Rule 42(a), Fed. R. Civ. P., the trial court must assess:

> [W]hether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

3

<u>Hendrix</u>, 776 F.2d at 1495.

As Global Egg and Edgar explain within the Motion, "the counterclaim [in Case No. 8:13-cv-1207] contains the identical claims under the Miller Act, breach of contract and quantum meruit, as [Case No. 8:13-cv-2844]." (Doc. # 66 at 2). The Motion thus requests that this case be consolidated "in the interest of judicial economy and efficiency." (<u>Id.</u>). Global Egg and Edgar additionally explain that "the outcome of [Case No. 8:13-cv-1207] will also determine the outcome of [Case No. 8:13-cv-2844], and it is requested that [Case No. 8:13-cv-2844] be consolidated and stayed to allow the course of the main case to resolve." (<u>Id.</u>).

While the Court agrees that consolidation is appropriate in this case, the Court is unclear as to the basis for Global Egg and Edgar's request for a "stay" regarding the claims asserted in Case No. 8:13-cv-2844. If the claims in Case No. 8:13-cv-2844 truly are "identical" to the counterclaim in Case No. 8:13-cv-1207, the Court determines that it is suitable to consolidate the cases so that this entire matter will proceed under the first filed case of 8:13-cv-1207. Any request relating to a stay of certain claims in that action should be filed as a separate Motion in accordance with the Local Rules of this Court.

4

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) The Clerk is directed to **CONSOLIDATE** Case No. 8:13-cv-2844-T-33TBM and Case No. 8:13-cv-1207-T-33TGW for all further proceedings.

(2) This action shall proceed under the lead case of 8:13-cv-1207-T-33TGW, and all future pleadings shall be filed in that case.

(2) The Clerk is directed to **CLOSE** Case No. 8:13-cv-2844-T-33TBM.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th day of April, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

5